IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVE L. DAVIS, | ) | CASE NO. 4:10CV3138 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Notice of Appeal (Filing No. 25), Motion for Leave to Appeal In Forma Pauperis (Filing No. 26), and Motion for Extension of Time (Filing No. 27). The court dismissed the Petition in this matter on May 13, 2011. (Filing Nos. 23 and 24.) On February 28, 2012, Petitioner filed his Notice of Appeal. (Filing No. 25.) Therefore, 291 days elapsed between the court's Judgment and the filing of Petitioner's Notice of Appeal.

Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000),(citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline; and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

In this matter, Petitioner did not seek an extension of the time in which to file a notice of appeal within the "extension period." Regardless, an extension under Rule 4

would still be appropriate, provided that the requisite showing of excusable neglect or good cause has been made. The Eighth Circuit has clarified "excusable neglect" as follows:

> [T]he determination ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... [T]hose circumstances ... include the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Lowry, 211 F.3d at 462 (citation and quotation omitted).

Here, the reason set forth by Petitioner for his failure to timely file a notice of appeal is that he only recently received the court's Memorandum and Order and Judgment dismissing this matter. (Filing No. 27.) The court's records show that Petitioner sent a Letter on February 9, 2012, inquiring about the status of his case and whether "an opinion" had been reached. (Filing No. 29.) In response, the Clerk of the court sent Petitioner a copy of the Memorandum and Order and Judgment entered on May 13, 2011. (Id.) Petitioner asserts that the receipt of these materials on February 9, 2012, was the first time he had notice that this matter had been dismissed. (Filing No. 27.) In light of this, the court finds that Petitioner has shown good cause for his failure to timely file his Notice of Appeal and his appeal is deemed timely filed.

Also pending is Petitioner's Motion for Leave to Appeal In Forma Pauperis. (Filing No. 26.) Petitioner is a prisoner who was previously granted leave to proceed IFP. (Filing No. 5.) Federal Rule of Appellate Procedure 24(a)(3) states:

> (a)    Leave to Proceed in Forma Pauperis ....
>
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to

2

proceed in forma pauperis and states in writing its reasons for the certification or finding[.]

*Id.* The court finds that, because Petitioner was previously given leave to proceed IFP, he may now "proceed on appeal in forma pauperis without further authorization" in accordance with Federal Rule of Appellate Procedure 24.

Petitioner also seeks additional time in which to file a motion for certificate of appealability and brief in support. (Filing No. 27.) As set forth below, the court will permit Petitioner until March 25, 2012, to file these documents.

IT IS THEREFORE ORDERED that:

1. Petitioner's Notice of Appeal is deemed timely filed;

2. Petitioner's Motion for Leave to Appeal In Forma Pauperis (Filing No. 26) is granted;

3. Petitioner shall have until March 25, 2012, in which to file a motion for certificate of appealability and brief in support. In the event that Petitioner fails to file a motion and brief in support by that date, the court will deny the issuance of a certificate of appealability; and

4. The Clerk of the court is directed to set a pro se case management deadline with the following text: March 25, 2012: Motion and brief on certificate of appealability due.

DATED this 2nd day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.