## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **STEVE L. DAVIS,** | **CASE NO. 4:10CV3138** |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **ROBERT HOUSTON,** | |
| Respondent. | |

This matter is before the court on Petitioner's Motion for Certificate of Appealability (Filing No. 33) and Motion to Appoint Counsel (Filing No. 32). As set forth below, both Motions are denied.

Petitioner filed his Petition for Writ of Habeas Corpus on July 19, 2010, asserting claims relating to his conviction for delivery of a controlled substance. (Filing No. 1.) On May 13, 2011, the court dismissed Petitioner's claims with prejudice and entered judgment in favor of Respondent. (Filing Nos. 23 and 24.) Petitioner thereafter filed a timely Notice of Appeal (Filing No. 25) and the court granted him leave to proceed in forma pauperis on appeal (Filing No. 30).

### I.   *Motion for Certificate of Appealability*

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
> ....

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph(2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000), (internal quotation marks omitted), citing Barefoot v. Estelle, 463 U.S. 894 (1983), (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

---

[1] Similarly, Federal Rule of Appellate Procedure 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. See generally Tiedeman v. Benson, 122 F.3d 518, 521 (8th Cir. 1997).

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

After careful review of the record and Petitioner's Motion for Certificate of Appealability (Filing No. 33) and Brief in support (Filing No. 34), the court finds that Petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated in its May 13, 2011, Memorandum and Order (Filing No. 23), which dismissed Petitioner's habeas claims on the merits after affording substantial deference to the Nebraska state court decisions, the court declines to issue a certificate of appealability.

## II.    *Motion to Appoint Counsel*

Petitioner also seeks the appointment of counsel for his appeal. (Filing No. 32.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994), (citations omitted). *See also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring

appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time. However, Petitioner may request appointment of counsel from the Eighth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Certificate of Appealability (Filing No. 33) and Motion to Appoint Counsel (Filing No. 32) are denied without prejudice to reassertion before the Eighth Circuit Court of Appeals; and

2. The Clerk of the court shall provide the Eighth Circuit Court of Appeals a copy of this Memorandum and Order.

DATED this 22nd day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.